UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

E.F. and D.R. o/b/o their daughter, N.R.,

                Plaintiffs,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

11 Civ. 5243 (GBD)(FM)

GEORGE B. DANIELS, District Judge:

    Plaintiffs E.F. and D.R. seek $163,465.77 in attorneys' fees and costs incurred in connection with Plaintiffs' successful tuition reimbursement action against Defendant, the New York City Department of Education. In that action, brought under the Individuals with Disabilities Education Improvement Act ("IDEA," 20 U.S.C. § 1400, *et seq.*), Plaintiffs were awarded $286,062.50 in reimbursement for the costs of their autistic daughter N.R.'s 2010-2011 private school tuition, after school services, and behavioral support. Defendant opposes Plaintiffs' motion for fees and costs.

    In a November 8, 2012 Report and Recommendation, Magistrate Judge Maas recommended that this Court grant Plaintiffs' motion in part and award Plaintiffs attorneys' fees in the amount of $110,343.51. (Report at 2.) Judge Maas found that the reasonable hourly rates for work performed by Plaintiffs' counsel were as follows: (a) $475 per hour for Gary S. Mayerson, Plaintiffs' lead counsel; (b) $225 per hour for Mayerson associate Dotts; (c) $200 per hour for Cox, a Mayerson attorney who assisted with the fee application; (d) $200 per hour for reimbursement specialist Wince; (e) $175 per hour for Mayerson associate McGinley; (f) $150

per hour for Bertone, Mayerson's chief paralegal; and (g) $125 per hour for two other Mayerson paralegals, Disla and Quevedo. (Report at 6-7, 12-13.) Judge Maas also determined that a fifteen percent reduction in the hours billed by Mr. Mayerson was appropriate due to inefficient staffing decisions made by Mr. Mayerson and excessive time spent on certain tasks. (Report at 15-16.)

The Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Judge Maas advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections within fourteen days after being served with a copy of the Report would result in waiver of those objections and preclude appellate review. "[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal, such that no party be allowed a second bite at the apple by simply

2

re-litigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

On November 21, 2012, the Defendant filed timely objections to the Report, arguing that the hourly rates recommended by Judge Maas should be reduced because (a) Plaintiffs represented that they paid higher out-of-pocket fees than they would have been charged by Mayerson absent collusion to maximize the fee award, and (b) the rates are not in line with those recently awarded in this circuit. (Def.'s Objections at 9, 12.) Defendant also contends that this Court should exclude $2,028.19 of the recommended award because it is attributable to services performed after Defendant made a "Rule 68 Offer" to Plaintiffs. (Def.'s Objections at 14.) On December 14, 2012, having been granted an extension of time by the Court, Plaintiffs filed timely objections to the Report. Plaintiffs contend that (a) the hourly rate for Mr. Mayerson's services recommended by Judge Maas is too low; (b) the fifteen percent reduction in hours recommended by Judge Maas should be reduced to no more than five or ten percent; and (c) this Court should award additional fees to account for an additional billing detail inadvertently left out of Plaintiffs' fee application. (Pls.' Objections ¶ 2.) This Court has considered the Parties' objections and adopts Magistrate Judge Maas's Report in its entirety.

I.  **Calculation of Reasonable Attorneys' Fees**

To determine the attorneys' fees to which a prevailing party is entitled, a court must calculate each attorney's "presumptively reasonable fee," sometimes referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008). This figure is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue. *See Millea v.*

*Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill*, 522 F.3d at 190; *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999)).

A.  Reasonable Hourly Rates

In calculating a reasonable hourly rate, a district court should consider the prevailing rates for comparable legal services in the community in which the action arose. *See G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 429 (S.D.N.Y. 2012) (citing *Arbor Hill*, 522 F.3d at 189; *E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 428 (S.D.N.Y. 2011), *aff'd*, 487 F. App'x 619 (2d Cir. 2012)). The prevailing hourly rate is determined by "undertak[ing] 'a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' which may include taking judicial notice of the rates awarded in other cases, the court's own familiarity with the prevailing rates in the district, and consideration of the evidence submitted by the parties." *G.B.*, 894 F. Supp. 2d at 429 (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). In this Circuit, a district court should also consider the case-specific variables set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3. A district court need not "recite and make separate findings as to all twelve *Johnson* factors," *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009), provided that it "takes each into account in setting the attorneys' fee award." *G.B.*, 894 F. Supp.

2d at 428. Judge Maas determined that a reasonable rate for Mr. Mayerson was $475. Both sides objected. The objections are OVERRULED.

1. Mr. Mayerson's Rate

The fee applicant bears the burden of showing that the rates requested are in line with those in the community in which the action arose. *G.B.*, 894 F. Supp. 2d at 427. Here, that community is New York City. Plaintiffs contend that a reasonable hourly rate for their lead counsel, Mr. Mayerson, is $600 to $650. The *Johnson* factors do not support Plaintiffs' contention. The Plaintiffs' requested rate would constitute an approximate fifty percent increase over what Mr. Mayerson was awarded less than two years ago in an IDEA case in this District. *See T.K. ex rel. L.K. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 3964, 2012 WL 1107660, at *5 (S.D.N.Y. Mar. 30, 2012). Plaintiffs concede that such a rate would be on the very high end of the range of prevailing market rates. (Pls.' Mem. in Supp. of Mot. for Att'ys' Fees at 12.) Indeed, it would be beyond that range. The four attorney declarations submitted by Plaintiffs support, at most, a prevailing market rate between $450 and $550 per hour for services comparable to Mr. Mayerson's. (*See* Decls. of Andrew Cuddy, Jesse Cutler, Barbara Ebenstein, & Neal Rosenberg.)

Plaintiffs rely heavily on *L.V. v. New York City Department of Education* to support their requested rate. 700 F. Supp. 2d 510 (S.D.N.Y. 2010). However, that case involved a class-action IDEA suit that the *L.V.* court recognized was "much more complex than the ordinary single-plaintiff lawsuit." The *L.V.* claims alleged "systemic violations of state and federal statutes and federal constitutional law," and required a substantial amount of discovery and statistical analysis. *Id.* at 515. This single-plaintiff action does not warrant the same $600 hourly rate as the court awarded in *L.V.* Plaintiffs have thus not met their burden of showing that

the requested $600 hourly rate is in line with prevailing rates in the community for comparable legal services.

Defendant argues that Mr. Mayerson's reasonable hourly rate should be no more than $375, pointing to several hourly rates for IDEA cases in the community in the $375 to $415 range. (Def.'s Objections at 13.) However, Judge Karas recently determined that $450 per hour was a reasonable rate for an experienced attorney in an IDEA case, stating that the rates awarded in IDEA cases "are low compared to the rates awarded to attorneys in other civil rights cases" and have largely remained unchanged for up to fourteen years, even as rates for attorneys in other civil rights cases have increased. *G.B.*, 894 F. Supp. 2d at 430-31.

Defendant also argues that the rate charged by Mr. Mayerson was "illusory," claiming that Mayerson only requested payment of the full agreed-upon rate for the purposes of the fee application. (Def.'s Objections at 10-11.) Defendant is correct that "[t]he significance of a client agreed-upon rate . . . takes on less significance when the client knows it will never pay that amount." *K.F. v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 5465, 2011 WL 3586142, at *4 (S.D.N.Y. Aug. 10, 2011). However, the record reflects that Plaintiffs did, in fact, pay the agreed-upon amount of fees in this case. (Reply Aff. of Gary S. Mayerson ¶ 33.)

Additionally, several of the case-specific variables set forth in *Johnson* support a rate for Mr. Mayerson higher than the $350 to $415 range urged by Defendant. Mr. Mayerson has significant experience in the field of special education law. *See T.K.*, 2012 WL 1107660, at *5 ("Mr. Mayerson is a qualified attorney who has extensive experience in litigating IDEA cases."). The record also supports Mr. Mayerson's argument that he specializes in cases involving children with autism spectrum disorders. (Feb. 1, 2012 Aff. of Gary S. Mayerson ¶¶ 22-26, 29, 30 & Ex. L; Cuddy Decl. ¶ 11.) Moreover, Plaintiffs obtained nearly all of the relief they sought

in the underlying action, including $286,062.50 in reimbursement relief. *See T.K.*, 2012 WL 1107660, at *6 (citations and internal quotations omitted) ("[T]he degree of success is the most critical factor in determining the reasonable fees to be awarded to a prevailing party."). These facts warrant finding a reasonable rate for Mr. Mayerson above the lower end of the prevailing range in the relevant community.

Considering the prevailing hourly rates in the community for an IDEA attorney, as well as the *Johnson* factors, $475 per hour is a reasonable hourly rate for Mr. Mayerson.

### 2. Rates of Other Attorneys and Paralegals

Magistrate Judge Maas also determined reasonable hourly rates for Mr. Mayerson's associates and paralegals who worked on the *E.F.* matter. In a 2011 IDEA case, Judge Bricetti awarded Mr. Mayerson $175 per hour for associate Dotts's work and $150 per hour for associate Cox's work. *J.S. ex rel. Z.S. v. Carmel Cent. Sch. Dist.*, No. 10 Civ. 8021, 2011 WL 3251801, at *6 (S.D.N.Y. July 26, 2011), *aff'd*, 501 F. App'x 95 (2d Cir. 2012). When Ms. Dotts and Ms. Cox began incurring fees in that case, however, they were first and second year associates. *Id.* The fee award in this case should be based on current, rather than historical, rates. *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 83 (2d Cir. 2005). Given their additional experience, the complexity of this case, and the significant relief obtained, a rate of $225 per hour is reasonable for Ms. Dotts, and a rate of $200 per hour is reasonable for Ms. Cox. In light of reimbursement specialist Wince's similar professional experience, a $200 hourly rate is also reasonable for her work in this case. A rate of $175 per hour is reasonable for associate McGinley, who has somewhat less experience than the other three associates. Lastly, $150 per hour is a reasonable rate for Mr. Bertone, Mayerson's senior paralegal, and $125 per hour is reasonable for the other paralegals. *See Tatum v. City of New York*, No. 06 Civ. 4290, 2010 WL

334975, at *5 (S.D.N.Y. Jan. 28, 2010) (finding $125 per hour to be a reasonable paralegal rate); *Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ. 6558, 2008 WL 1166309, at *3 (S.D.N.Y. Apr. 7, 2008) (finding "$150 per hour as a reasonable rate for paralegals in this District").

### B. Hours Reasonably Expended

A fee award should compensate only those hours that were "reasonably expended" by the attorneys on this case. *McDonald ex rel. Prendergrast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Where the number of hours billed exceeds the number of hours reasonably expended, "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *Id.* Courts in this district have imposed across-the-board reductions where work performed was inappropriately staffed or excessive time was spent on particular tasks. *See Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497, 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) (finding a fifteen percent reduction in hours appropriate to remedy excessive billing); *Rosso v. Pi Mgmt. Assocs.*, No. 02 Civ. 1702, 2006 WL 1227671, at *4 (S.D.N.Y. May 3, 2006) (determining that a fifteen percent across-the-board reduction was appropriate where, among other things, "some of the work done by a senior attorney at the law firm could have been performed by a junior attorney, and [] work performed by a junior attorney might have been assigned more appropriately to a paralegal").

Magistrate Judge Maas found that a fifteen percent across-the-board reduction of the hours expended by Mr. Mayerson in this case is appropriate due to inefficient staffing decisions made by Mayerson and excessive time spent by him on certain tasks. Of the approximately 297 hours spent on this matter, around 245, or nearly eighty-three percent, were billed by Mr. Mayerson himself. (Ex. N to Feb. 1, 2012 Mayerson Aff.; Ex. 1 to Decl. of Thaddeus

Hackworth.) Some of these hours were devoted to assignments – such as summarizing testimony, reviewing transcripts, outlining response points, and performing Google searches – that could have been capably performed by more junior counsel at significantly less expense. (Ex. N to Feb. 1, 2012 Mayerson Aff. at 6-7, 15.) Furthermore, excessive hours were spent drafting a forty-page brief for the Independent Hearing Office and an appellate memorandum of law for the State Review Office ("SRO"). Given that much of the brief summarized hearing testimony, and that Mr. Mayerson subsequently spent an approximate additional twenty-five hours drafting the substantially similar SRO memorandum, Mr. Mayerson could have delegated elements of this task to an associate, at least initially.[1] Therefore, a fifteen percent across-the-board reduction in Mr. Mayerson's hours is appropriate in this case.

## II. Additional Billing Detail

Plaintiffs request that this Court consider an additional billing detail inadvertently left out of Plaintiffs' fee application. (Dec. 14, 2012 Mayerson Aff. ¶ 2.) A district court conducting a *de novo* review of a magistrate judge's report and recommendation is permitted, but not required, to supplement the record by entertaining additional evidence. *See* 28 U.S.C. § 636(b)(1)(C). However, "[a]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005). Here, a compelling reason is lacking. Plaintiffs only state that the omission of the billing detail resulted from an "inadvertent and unintentional mistake." (Nov. 14, 2012 Ltr. from Gary S. Mayerson to Judge Maas at 1.) Considering evidence that could have been presented before the magistrate judge but was

---

[1] Plaintiffs argue that delegating these assignments would have increased the total number of attorney hours expended. (Dec. 14, 2012 Aff. of Gary S. Mayerson ¶ 9.) However, even assuming that there would have been some increase in the hours billed by Mr. Mayerson's associates, there likely would have been an overall cost savings given that Mr. Mayerson's reasonable hourly billing rate is over twice that of his associates who worked on this matter.

inadvertently omitted would "reward careless preparation of the initial papers." *Turner*, 362 F. Supp. 2d at 438 n.8. Plaintiffs have failed to provide a "most compelling reason" that the additional billing detail was not presented to the magistrate judge, and this Court declines to consider it.

### III.   Rule 68

Defendant argues that Rule 68 of the Federal Rules of Civil Procedure bars recovery of any fees incurred after Defendant's November 16, 2011 settlement offer of $110,000.01. (Def.'s Objections at 14-16.) Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Here, the final judgment exceeds Defendant's settlement offer. Thus, Rule 68 does not limit Plaintiffs' recovery.

### CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Plaintiffs' motion for attorneys' fees is GRANTED in part, according to the Magistrate Judge's recommendation. Plaintiffs are entitled to $110,343.51 in attorneys' fees and costs. The Clerk of the Court is directed to close this case.

Dated: New York, New York
       March 17, 2014

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge